Courtney Lowery (Bar No. 036888)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
courtney@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Shane Rodems, | NO. 4:22-cv- |
| Plaintiff, | **ORIGINAL COMPLAINT** |
| v. | |
| Temperature-Control, Inc., and Tony Bohard, Jr., | |
| Defendant. | |

Plaintiff Shane Rodems ("Plaintiff"), by and through his attorney Courtney Lowery of Sanford Law Firm, PLLC, for his Original Complaint ("Complaint") against Defendants Temperature-Control, Inc., and Tony Bohard, Jr. (collectively "Defendant" or "Defendants"), states and alleges as follows:

**I.   PRELIMINARY STATEMENTS**

1.   Plaintiff brings this action against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect within the Tucson Division of the District of Arizona; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and resident of Pima County.

6. Separate Defendant Temperature-Control, Inc. ("Temp-Con"), is a domestic, for-profit corporation.

7. Temp-Con's registered agent for service of process is B&M Legal Services, LLC, at 2478 East River Road, Tucson, Arizona 85718.

8. Separate Defendant Tony Bohard, Jr. ("Bohard"), is an individual and resident of Arizona.

9. Defendants, in the course of business, maintain a website at https://temp-con.com/.

## IV.	FACTUAL ALLEGATIONS

10.	Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.	Bohard is a principal, director, officer, and/or owner of Temp-Con.

12.	Bohard, in his role as an operating employer of Temp-Con, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

13.	Bohard took an active role in operating Temp-Con and in the management thereof.

14.	Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

15.	 Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16.	At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

17.	Defendant employed Plaintiff as a HVAC Technician from August of 2021 until March of 2022.

18. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid them wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

19. Defendant classified Plaintiff as a salaried employee, exempt from the overtime provisions of the FLSA.

20. Plaintiff's primary duties were to repair HVAC units at Defendant's customers' residences or locations.

21. Plaintiff did not hire or fire any other employee, nor were his recommendations as to hiring or firing given particular weight.

22. Defendant did not seek Plaintiff's input when making decisions about hiring or firing employees.

23. Plaintiff did not manage or direct the work of any other employee.

24. Plaintiff did not manage Defendant's enterprise or a customarily recognized department or division of Defendant's enterprise.

25. Plaintiff did not exercise independent judgment as to matters of significance.

26. The duties of Plaintiff were rote and routine, and he sought input from supervisors when his duties were not rote or routine.

27. In carrying out his duties, Plaintiff followed the process put in place by Defendant and others.

28. Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery, and not in an office.

29. Plaintiff regularly worked hours over 40 in a week.

30. Plaintiff tracked his jobs using an app called Service Titan on Defendant's iPad which Plaintiff carried with him.

31. When Plaintiff finished a job, he marked it as complete on Service Titan. Service Titan would then sent him another job.

32. Upon information and belief, Defendant was able to review Plaintiff's daily work history, including time stamps of jobs accepted and completed, using the Service Titan app.

33. Defendant knew or should have known that Plaintiff worked hours over 40 in at least some weeks.

34. At all relevant times herein, Defendant has deprived Plaintiff of sufficient overtime compensation for all of the hours worked over forty per week.

35. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**V.     CLAIM FOR RELIEF—VIOLATION OF THE FLSA**

36. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

38. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

40. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

41. Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked over forty hours per week, despite his entitlement thereto.

42. Defendant knew or should have known that its actions violated the FLSA.

43. Defendant's conduct and practices, as described above, were willful.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

45. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

46. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shane Rodems respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.   Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA and its related regulations;

C.   Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D.   An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.   Such other and further relief as this Court may deem just and proper.

DATED this 20th day of May, 2022.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com