WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Rodems, | No. CV-22-00237-TUC-SHR |
| Plaintiff, | **Order Re: Summary Judgment** |
| v. | |
| Temperature-Control Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants Temperature-Control Incorporated and Tony Bohard's motion for summary judgment. (Doc. 28.) For the following reasons, the Court grants Defendants' motion.[1]

I.  **BACKGROUND**

The following facts are undisputed.

Plaintiff Shane Rodems began working for Defendant Temperature Control in August 2021 as a Service Technician and was paid an hourly rate. (DSOF ¶ 1; PSOF ¶ 1.)[2] As a Service Technician, Plaintiff went to clients' homes to sell and repair HVAC units. (DSOF ¶ 2; PSOF ¶ 2.)  Defendants provided Plaintiff with a company vehicle. (DSOF ¶ 3; PSOF ¶ 3.)  Soon after starting work for Defendants, Plaintiff asked his service

---

[1]Defendants requested oral argument. (Doc. 28 at 1.) The Court finds oral argument will not aid in resolution of the issues raised and, therefore, denies this request. *See* LRCiv 7.2(f); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("[A] district court can decide the issue without oral argument if the parties can submit their papers to the court."); *see also Bach v. Teton Cnty. Idaho*, 207 F. Appx 766, 769 (9th Cir. 2006) ("Due process does not require the district court to hold oral argument before ruling on pending motions.").

[2]DSOF refers to the Defendants Statement of Facts (Doc. 29); PSOF refers to the Plaintiff's Statement of Facts (Doc. 31).

manager if he could receive a salary, and the service manager agreed. (DSOF ¶ 7; PSOF ¶ 7.) During Plaintiff's first pay period as a salaried employee, he worked more than 40 hours one week and was properly compensated for that overtime. (DSOF ¶ 9, Exh. E; PSOF ¶ 9.) Plaintiff, however, believes he worked additional overtime for which he was not compensated and, therefore, he filed this suit. (Doc. 1.)

The parties vehemently disagree on the accuracy of Temperature Control's method of tracking Plaintiff's work hours. Temperature Control used "service call tracking software [called Service Titan] and GPS tracking devices on its vehicles in order to, among other reasons, verify its employees' work hours." (DSOF ¶ 4, Exh. C.) Based on the tracking data, Defendants assert that from September 2021 until Plaintiff's employment ended in March 2022, Plaintiff did not work more than 40 hours in a week. (DSOF ¶ 10–11, Exh. G–FF.) Plaintiff disputes this and argues: "The time records Defendants[] claim tracked Plaintiff's hours worked are a reflection of the hours Plaintiff spent on site at a service call, not the hours he spent working." (DSOF ¶ 11; Rodems Decl. (Doc. 30-1) ¶¶ 9–10, 14–24.) Plaintiff asserts he "worked for at least an hour before arriving at [his]service call and at least an hour after his service call." (*Id.*) Additionally, "Plaintiff worked 'on call' weeks during his employment during which he worked evenings and weekends, which are not reflected in Defendants' time records." (*Id.*)

Plaintiff brought a single claim against Defendants for violating the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Doc. 1.) Plaintiff seeks his allegedly unpaid wages and liquidated damages under the FLSA. (*Id.*)

Defendants have moved for summary judgment, arguing "Plaintiff's claim for unpaid overtime fails as a matter of law because he did not work any overtime." (Doc. 28 at 4.)

**II.   LEGAL STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, upon a party's motion, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the evidence of the nonmoving party "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson*, 477 U.S. at 248, 250; *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). However, he must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

**III.   DISCUSSION**

The FLSA regulates the wage, hour, and working conditions of American employees. *See* 29 U.S.C. § 201, *et seq.* Under the FLSA, non-exempt employees who work more than forty hours in a week are entitled to overtime compensation. 29 U.S.C. § 207(a)(1). To prevail on an FLSA overtime claim, "Plaintiff bears the burden of proving that: (1) Defendants were employers under the FLSA; (2) Plaintiff was an employee under the FLSA; (3) Plaintiff worked overtime; and (4) Plaintiff was not paid overtime for overtime hours worked." *Rogers v. Brauer Law Offices, PLC*, CV-10-1693-PHX-LOA, 2012 WL 426725, at *3 (D. Ariz. Feb. 10, 2012). The parties do not dispute Defendants

are employers and Plaintiff was an employee under the FLSA who was not exempt from the overtime provisions of the FLSA. Therefore, the only dispute is whether Plaintiff worked more than 40 hours in a single week and is owed overtime compensation.

An employee bringing an action for unpaid overtime with liquidated damages has the burden of proving he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), *superseded by statute on other grounds*. However, if the employer fails to keep accurate and adequate records of the employee's hours, the employee's burden is lightened. *Id.* at 687. Then, the employee "must only (1) prove that he has in fact performed work for which he is owed overtime, and (2) produce 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Ader v. SimonMed Imaging Inc.*, 465 F. Supp. 3d 953, 964 (D. Ariz. 2020) (quoting *Mt. Clemens*, 328 U.S. at 687). Once the employee establishes the amount and extent of overtime worked as a matter of just and reasonable inference, the burden shifts to the employer to produce "evidence of the precise amount of work performed or [] evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens*, 328 U.S. at 687–88.

### A. Accuracy of Defendants' Records

Plaintiff asserts Defendants' time records "are inaccurate and unreliable because those records were not designed to track working hours" and "simply show when Plaintiff was out for a service call, not when he started or ended work." (Doc. 30 at 5; Rodems Decl. ¶ 8–9, 21–24.) According to Plaintiff, "without using the time clock function, Service Titan would not consider [him[ 'clocked in' until [he] arrived at [his] first service call and clicked the 'on-site' button on the app." (Rodems Decl. ¶ 22.) For example, Plaintiff states that "[a]round three days per week, [he] went to Defendants' offices at 7:00 am to complete paperwork, order and pick up parts, or attend meetings." (*Id.* ¶ 15.) That is, Plaintiff asserts, Defendants' employment records only show when Plaintiff was out for a service call, not when he was "actually at work." (*Id.* ¶ 21.)

Defendants argue Plaintiff cites "no legal authority for the proposition that an

employer's records of its employee's work hours must be 'designed to track working hours' to be reliable and accurate." (Doc. 32 at 4.) Defendants' time records describe Plaintiff's work each day in detail, including time, location, type of work, customer name, and the start and stop time for each "job." (Docs. 29-1, 29–92.) Descriptions for the type of work Plaintiff performed included time spent stocking his work truck (*id.* at 30), time spent on "non-job events" (*id.* at 32, 34), idle time (*id.* at 40), meetings (*id.* at 32, 34, 36, 38, 40, 42, 44, 48, 52, 54), office time (*id.* at 36, 38, 44, 46, 48, 52, 54), and acquiring parts (*id.* at 32, 34, 36). Additionally, Defendants argue the records illustrate that on many days the Plaintiff began work between 7:00 and 8:00 am. (Doc. 32 at 3; Doc. 29-1 at 42–54.) Many of these 7:00 am start times were due to meetings. (Doc. 29-1 at 32, 34, 36, 38, 40, 42, 44, 48, 52, 54.) Therefore, Defendants assert, the records of Plaintiff's hours are sufficiently detailed to determine whether Plaintiff worked more than 40 hours in any given week. (*Id.* at 3.)

The time records included in Defendants' statement of fact cover the entire period Plaintiff worked for Temperature Control and do not appear to have any significant gaps or alterations that would indicate a lack of reliability. (Doc 29-1 Exhs. G–FF.) Further, Defendants' time records directly contradict Plaintiff's assertion that Defendants only tracked when he was on a service call. Rather, Defendants' time records include a variety of work activities outside of being on a service call, including Plaintiff's time spent in meetings and in the office, stocking the truck, and picking up parts. Therefore, the Court concludes Defendants' time records are accurate and adequate.

Accordingly, Plaintiff's burden remains unchanged, so he must prove "he performed work for which he was not properly compensated." *Mt. Clemens*, 328 U.S. at 686–87.

### B. Plaintiff's Evidence of Overtime Worked

Plaintiff states he was "generally scheduled to work eight-hour shifts, but due to the variant nature of HVAC repair work, [he] hardly ever worked exactly eight hours. Sometimes it was less . . . but that was rare, and [he] usually worked 10- or 11-hour shifts."

(Doc. 30-1 ¶ 14.)  Therefore, Plaintiff asserts his "regular workweek was almost always more than 40 hours and averaged around 50 to 60 hours per week." (*Id.* ¶ 13.) In support of these assertions, Plaintiff makes several generalized statements about his work schedule and the type of work he performed. (*Id.* ¶ 15–20.)

Defendants counter that Plaintiff's statements in his declaration are unsupported and contradict his prior disclosure in violation of Federal Rule of Civil Procedure 37(c)(1). (Doc. 32 at 5.)  According to Defendants, "Plaintiff previously disclosed his alleged damages in the form of a chart" and, in that chart, "allege[d] he worked between 40 and 46 hours during five specific weeks; and he worked approximately 57 hours, 83 hours, and 112 hours during three other workweeks." (*Id.* at 5, Exh. A.)  Plaintiff did not allege he worked any overtime during the other 18 workweeks of his employment. (*Id.*)  Defendants argue the information in Plaintiff's declaration directly contradicts his prior disclosure, so he cannot use the additional information to defeat Defendants' motion for summary judgment. (*Id.* at 6.)

Under Rule 37(c)(1), "[i]f a party fails to provide information . . . required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The information Plaintiff included in his declaration was known and accessible when initial disclosures were made to Defendants.  The late disclosure also exposes Defendants to new, additional time that Plaintiff now claims to have worked overtime, thus increasing the claimed overtime owed.  Therefore, the Court concludes the late disclosure is not substantially justifiable and is potentially harmful.  Accordingly, the Court declines to consider it. *See* Fed. R. Civ. P. 37(c)(1).

Comparing the specific 8-week period in which Plaintiff claims to have worked overtime against Defendants' time records, the Court concludes there is no genuine factual dispute.  Plaintiff has only made conclusory statements about how much time he worked and has provided no evidence to support these statements.  By Plaintiff's own admission "after [he] started getting a salary, [he] quit tracking [his] hours." (Doc. 30-1 ¶ 12.)

Plaintiff has failed to carry the burden of showing he worked more than 40 hours in a single week and is therefore entitled to compensation for that overtime.

### IV. CONCLUSION

Defendants have shown, based on the undisputed material facts, that Plaintiff did not work overtime for which he was not properly compensated. Therefore, Defendants have shown they are entitled to judgment as a matter of law on Plaintiff's FLSA claim. *See* Fed. R. Civ. P. 56(a)

Accordingly,

**IT IS ORDERED** Defendants' motion for summary judgment (Doc. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment accordingly and **close this action**.

Dated this 24th day of August, 2023.

Honorable Scott H. Rash
United States District Judge